FILED
SUPERIOR COURT
OF GUAM

2023 SEP 26 PM 4:51

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>Plaintiff,<br><br>vs.<br><br>**ARTHUR U. SAN AGUSTIN et al,**<br>DOB: 01/01/1965<br><br>Defendants. | Criminal Case No. **CF0446-23**<br><br>**DECISION AND ORDER**<br>**(Defendant's Motion for Reconsideration)** |

## INTRODUCTION

This matter is before the Honorable Alberto E. Tolentino ("Judge Tolentino") for the limited purpose of addressing Arthur U. San Agustin's ("Defendant") Motion for Reconsideration. Defendant seeks to disqualify the Honorable Alberto C. Lamorena, III ("Presiding Judge Lamorena") from presiding over the underlying case. Attorney Joaquin C. Arriola, Jr. represents the Defendant. Pursuant to local rule CVR 7.1(e)(1), it has been decided that oral argument is unnecessary, and the Court hereby **DENIES** Defendant's Motion for Reconsideration.

## BACKGROUND

The factual background of this matter was previously set out by the Court its a Decision and Order issued on September 11, 2023. However, the facts necessary to dispose of the instant Motion for Reconsideration are as follows:

On July 3, 2023, the Grand Jury indicted Defendant on the following charges: (1) Tampering with Public Records (As a Second Degree Felony); (2) Obstructing Governmental

Functions (As a Misdemeanor); and (3) Official Misconduct (As a Misdemeanor). Indictment, July 3, 2023. The case was originally assigned to Judge Tolentino. Notice of Judge Assignment, July 27, 2023. Judge Tolentino recused himself *sua sponte* under 7 GCA § 6105. Form One-Disqualification, July 31, 2023. The case was then assigned to Presiding Judge Lamorena. Notice of Judge Assignment, Aug. 2, 2023. On August 22, 2023 Defendant filed a Statement of Objection. On August 25, 2023, Presiding Judge Lamorena filed an Answer to Statement of Objection. On August 30, 2023, the People filed a Memorandum of Points and Authorities in Response to Statement of Objection 7 GCA § 6107. On September 11, 2023, Judge Tolentino filed a Decision and Order Denying Defendant's Statement of Objection seeking Disqualification of Presiding Judge Lamorena. Decision and Order, September 11, 2023. On September 18, 2023, Defendant filed a Motion to Reconsider the Decision and Order Denying Disqualification of Presiding Judge Lamorena. Motion for Reconsideration, September 18, 2023.

## DISCUSSION

In the Motion for Reconsideration, the Defendant argues: 1) Judge Tolentino had previously recused himself in this case and the grounds for recusal have not changed; 2) the Government filed an opposition which is not allowed by Guam Law and to which director San Augustin was not afforded the opportunity to reply; 3) there were new material facts disclosed in Judge Lamorena's answer which Director San Agustin did not know before seeing the Answer and did not have the opportunity to address; and 4) Judge Tolentino failed to consider material facts and to apply the appropriate legal standard, which Defendant believes if cured would have caused the Court to reach a different conclusion.

## I. Judge Tolentino had previously recused himself and the grounds for recusal have not changed.

Defendant alleges that the undersigned, who disqualified himself from the matter on July 31, 2023, erred by entering a Decision and Order on the question of Presiding Judge Lamorena's disqualification. Motion for Reconsideration, September 18, 2023. Defendant further alleges that Judge Tolentino, without citing authority and despite previously disqualifying himself *sua sponte*, determined that the Court could address the matter "for the limited purpose" of addressing the Statement of Objection. *Id.* at 5.

No Justice or Judge who shall deny his or her qualification shall hear or pass upon the question of his or her own qualification, but in every case the question of the Justice's or Judge's disqualification shall be heard and determined by some other judge. *See* 7 G.C.A. § 6107 (2023). Normally, if a judge disqualifies himself, or is disqualified, the *action* or *proceeding* shall be heard and determined by another Judge of the Superior Court who is not disqualified. (emphasis added). *Id.* However, a Statement of Objection is outside the usual law and motion procedural rules. *Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 16; *See also Urias v. Harris Farms Inc.*, 285 Cal.Rptr. 659, 662 (Ct .App.1991) (noting that, although many parties file a "Motion for Disqualification," a statement of objection is not a motion). Thus, a previously disqualified judge can make a determination of another judge's disqualification because such a determination is outside the usual law and motion procedural rules. *Id.* at 662. When addressing a Statement of Objection seeking disqualification, the judge deciding the question may decide it based on the statement of disqualification and the answer, or he may set the matter for hearing. *Id.* at 663.

Here, the "limited purpose" referred to in the Decision & Order was in response to the Statement of Objection seeking disqualification. Indeed, Defendant cites *Van Dox* when

recognizing a motion for judicial disqualification is a "statement of objection, which is governed by 7 G.C.A. § 6107, and not by the usual law and rules governing motion practice". Motion for Reconsideration, September 18, 2023.

Therefore, Judge Tolentino was permitted to address the Statement of Objection despite having previously disqualified himself. The Court expressly rejects this argument

**II.** **Did the Government file an opposition which was not allowed by Guam Law and to which director San Augustin was not afforded the opportunity to reply?**

Defendant argues that Opposition statements are not authorized as a Statement of Objection is a statutory procedure. 7 G.C.A § 6107 (2023). As such, the People's Memorandum of Points and Authorities in Response to Statement of Objection is not allowed by Guam Law, and the People should be admonished not to file papers not authorized by statutory procedure. Motion for Reconsideration, September 18, 2023. However, the Court finds no prohibition in the statute against an opposing party filing a response to a Statement of Objection, nor has Defendant offered any other authority to support his contention that the adverse party is forbidden to advocate its position on the issue.

Therefore, the Court rejects this argument.

**III.** **Were there new material facts disclosed in Judge Lamorena's answer which Director San Agustin did not know before seeing the Answer and did not have the opportunity to address?**

Under the Criminal Procedure Rules of the Local Rules of the Superior Court of Guam, a party in a criminal matter may seek reconsideration of a previously determined issue only based on:

> (1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such a decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of failure to consider material facts presented to the Court before such decision."

CR 1.1(d) (2007)

Thus, the Court is confronted with the preliminary issue of whether Defendant has demonstrated one or more grounds for reconsideration.

**A. Was there a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such a decision?**

Defendant argues that they were not aware of Presiding Judge Lamorena's Answer prior to the Court filing the Decision and Order. Motion for Reconsideration, September 18, 2023. Defendant argues that new material facts emerged based on the Answer, including 1) Presiding Judge Lamorena was unaware that then-candidate Attorney General Douglas Moylan was promoting their relationship on Facebook, and that 2) Presiding Judge Lamorena's official title was used on the Facebook page, a page that Defendant argues was utilized as campaign literature and remains so to this day. *Id.* at 7. Defendant argues that such new material facts are relevant because Defendant's Statement of Objection would have focused on the appearance of impartiality, particularly when a judge should be disqualified despite not being the one actually engaging in conduct creating the appearance of impropriety. *Id.*

The facts presented by Defendant in the Motion for Reconsideration are not new, as Defendant was aware of Presiding Judge Lamorena's Answer, having been filed on August 25, 2023, and could have provided a response at any time prior to the Court's filing of the Decision and Order. Nor is Presiding Judge Lamorena's lack of awareness a relevant material fact; rather, such lack of awareness and participation in the alleged conduct would make a reasonable person *less* likely to see the conduct as having the appearance of impropriety. Therefore, to the extent that Presiding Judge Lamorena's Answer is framed as an argument of new, material facts unknown to the party moving for disqualification, the Court expressly rejects this argument.

**B. Was there the emergence of new material facts or a change of law occurring after the time of such decision?**

Defendant has also failed to show any new or changed mandatory or persuasive authority that was not considered by the Court. The authorities cited in the Motion for Reconsideration include the same authorities cited in the Decision and Order. Therefore, to the extent Defendant's argument is framed as an argument of new or changed law, the Court expressly rejects this argument.

**C. Was there a manifest showing of failure to consider material facts presented to the Court before such decision?**

Citing *Dizon* in the Motion for Reconsideration, Defendant argues that the Decision and Order focuses on actual bias and not the appearance of partiality related to the facts presented. Motion for Reconsideration, Sept. 18, 2023. Defendant does concede that the Court referenced the appearance of impartiality standard articulated in *Dizon*, but argues that the Court improperly focused on actual bias from Presiding Judge Lamorena to AG Moylan. *Id.* at 10. This is not so, as the Court's analysis of the facts was based on the appearance of impropriety using the standard set down in *Van Dox*:

> The appearance of bias is judged from the standard of 1) a reasonable person who 2) knows all the facts, and 3) understands the context of the jurisdictions, parties, and controversies involved, including 4) such 'realities of the Guam judicial system" as the relatively small number of lawyers in the Guam bar and "the nature of Guam families"

*Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 32.

The Court applied the appropriate standard based on consideration of the same material facts that were presented in the Decision and Order, and are once again being presented in the Motion for Reconsideration, including 1) the professional reference showing Presiding Judge Lamorena's name and current title; 2) the posting of the reference on AG Moylan's Facebook page during the 2022 campaign for Attorney General; 3) the continued usage of the professional reference after the end of the campaign; and 4) Presiding Judge Lamorena's ignorance regarding AG Moylan's actions. The analysis shows that a reasonable person would, after looking at the facts and understanding both the circumstances involved as well as the unique realities of the Guam judicial system, as little more than an indication that Presiding Judge Lamorena, having 1) supervised AG Moylan as a law clerk thirty years prior and 2) having practiced in the same legal community for several decades, can ultimately speak to AG Moylan's abilities as a legal practitioner. A reasonable person would not find the inclusion of a professional reference under such circumstance as giving the appearance of Presiding Judge Lamorena endorsing AG Moylan's political platform. Therefore, the Court finds there were no material facts alleged that the Court failed to consider.

The Court finds that Defendant has not demonstrated any of the three grounds for reconsideration. Defendant seeks an oral hearing to develop the record, but does not offer any specific new or previously unknown material fact which contradicts the findings in the Court's earlier Decision and Order. Defendant had the opportunity to form a response to Presiding

Judge Lamorena's Answer prior to the Court submitting a Decision and Order; however, Defendant did not do so. Every new fact Defendant argued might exist would have existed at the time Presiding Judge Lamorena's Answer was filed on August 25, 2023. Thus, the Court finds that Defendant's Motion for Reconsideration must fail and the Motion is **DENIED**.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court hereby **DENIES** the Defendant's Motion for Reconsideration.

SO ORDERED, this _____ day of _____ 'SEP 2 6, 2023 2023.

HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam